**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-7826

GREGORY LEE SELLERS,

              Petitioner - Appellant,

       v.

REUBEN F. YOUNG, Secretary of Corrections
,

              Respondent - Appellee.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.   Robert J. Conrad,
Jr., District Judge.  (1:13-cv-00104-RJC)

Submitted:  March 27, 2014        Decided:  March 31, 2014

Before MOTZ, Circuit Judge,  and HAMILTON  and DAVIS, Senior
Circuit Judges.

Dismissed by unpublished per curiam opinion.

Gregory Lee Sellers, Appellant Pro Se.   Clarence Joe DelForge,
III, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Lee Sellers seeks to appeal the district court's order dismissing as untimely his 28 U.S.C. § 2254 (2012) petition, and its subsequent order denying his motion for reconsideration. We dismiss the appeal of the order dismissing Sellers's § 2254 petition for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on July 9, 2013. Sellers filed a motion for reconsideration on August 29, 2013.[*] The district court denied reconsideration in an order entered on October 7, 2013, and Sellers filed the notice of appeal on November 4, 2013. Because Sellers did not file the motion for reconsideration within twenty-eight days of the district court's order dismissing his § 2254 petition, the

---

[*] This is the date Sellers certified he placed the motion in the mail. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

period for filing a timely notice of appeal was not tolled as to that order, and expired on August 8, 2013. See Fed. R. App. P. 4(a)(4). Because Sellers failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal as to the order dismissing Sellers's § 2254 petition as untimely.

The order denying reconsideration is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Sellers has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED